**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

HME PROVIDERS, INC., HMD
BIOMEDICAL LLC, INFOPIA AMERICA,
LLC and HEALTHPIA USA, LLC,

        **Plaintiffs,**

-vs-                                                      Case No. 6:09-cv-2186-Orl-31GJK

TODD HEINRICH, HEALTHPIA USA,
LLC (KY) and GENESIS HEALTH
TECHNOLOGIES LLC,

        **Defendants.**

## ORDER

This matter comes before the Court after a hearing on the Motion for Preliminary Injunction (Doc. 2) filed by the Plaintiffs and the responses (Doc. 28, 30) filed by the Defendants. After reviewing the papers in this matter, and listening to the arguments of counsel at the January 14, 2010 hearing, the Court concludes that the Plaintiffs have not shown an entitlement to injunctive relief.[1]

**I.    Background**

According to the allegations of the Complaint (Doc. 1), the Plaintiffs sell medical testing and monitoring supplies and equipment. Defendant Todd Heinrich ("Heinrich") worked for at least some of the Plaintiffs – the record is not clear as to which ones or for how long – to develop

---

[1]As noted on the record at the hearing, the Defendants did not waive their various venue and personal jurisdiction challenges by defending themselves against the instant motion.

and market a cellular phone-based diabetic testing device and associated software that would transmit test results via the phone to doctors and other interested parties. Heinrich struck out on his own sometime in 2009, after forming the other two defendant companies. The Plaintiffs complain, *inter alia*, that Heinrich has violated his employment agreement by going into business competing with them, and that in doing so he has misappropriated their trade secrets and intellectual property. They seek an injunction against all three defendants to halt the alleged misappropriation and the alleged violation of the employment agreement.

## II. Legal Standard

**Injunctive Relief**

The decision regarding whether to grant a preliminary injunction lies within the sound discretion of the court. *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998). A district court may grant injunctive relief if the movant demonstrates (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered unless the injunction issues; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that if issued, the injunction would not be adverse to the public interest. *Id.* In this Circuit, a preliminary injunction is "an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." *Id.*

## III. Analysis

After reviewing the papers and hearing the arguments of counsel at the hearing, the Court finds that the Plaintiffs have failed to carry their burden of showing a substantial likelihood of success on the merits as to both the claims they assert in their motion. As to the claim that

Heinrich has violated his employment agreement, it is not clear that the Defendants are competing with the Plaintiffs.  The Plaintiffs are not selling a phone-based monitoring product, and the one being sold by the Defendants appears to differ in form and at least somewhat in function from the one Heinrich worked to develop with the Plaintiffs.  The Plaintiffs argue that, ultimately, both they and the Defendants are in the business of selling testing strips – that the other equipment sold by the parties is essentially a means to that end – and therefore Heinrich and the other Defendants are competing against them in the testing-strip market.  It is possible that the Plaintiffs may prevail on this point, but at this stage of the proceedings the question of whether the parties are competing against one another remains unanswered.  The Plaintiffs have therefore not shown a substantial likelihood of success on the merits regarding their claim that Heinrich is violating his employment agreement.

As for the alleged misappropriation, there are a number of problems.  The evidence produced so far does not establish that the Plaintiffs have any intellectual property rights, such as patents or trademarks, in the products that the Defendants are selling or the products from which they were derived.  The Plaintiffs produced evidence that Heinrich had illicitly downloaded a number of their files and used a number of those files to create a website for one of the Defendant companies.  However, Heinrich produced a plausible explanation for the allegedly illicit downloading: that one of the Plaintiffs' employees, who had permission to access the files, borrowed Heinrich's computer to access the files.  And while the Plaintiffs produced evidence that some files from their servers and from what they call the "Eocene System" had been used on one of the Defendants' websites, there was no "smoking gun".  The Plaintiffs did not show that any of those files contained (or comprised) valuable or sensitive information, or that their business(es)

would be harmed by the files' presence on Defendants' web sites. Again, the Plaintiffs could eventually prevail on this point. However, the Court finds that, at this point, they have not made a sufficient showing that the Defendants stole or misused their trade secrets or intellectual property, so as to justify a preliminary injunction.

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion for Preliminary Injunction (Doc. 2) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on February 11, 2010.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party