# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**HME PROVIDERS, INC., HMD**
**BIOMEDICAL LLC, INFOPIA AMERICA,**
**LLC and HEALTHPIA USA, LLC,**

        **Plaintiffs,**

**-vs-**                                             **Case No. 6:09-cv-2186-Orl-31GJK**

**TODD HEINRICH, HEALTHPIA USA,**
**LLC (KY) and GENESIS HEALTH**
**TECHNOLOGIES LLC,**

        **Defendants.**

## ORDER

This matter comes before the Court on the Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 24) filed by Defendants Healthpia USA, LLC ("Healthpia Kentucky") and Genesis Health Technologies, LLC ("Genesis Health") and the response (Doc. 44) filed by the Plaintiffs.

**I.    Background**

According to the allegations of the Complaint (Doc. 1), the Plaintiffs sell medical testing and monitoring supplies and equipment. Defendant Todd Heinrich ("Heinrich") used to work for one or more of the Plaintiffs. He was hired to help with the development and marketing of a new product: a cellular phone-based diabetes testing device and associated software that would transmit test results via the phone to doctors and other interested parties. The Plaintiffs refer to this product as the "GlucoPhone" or "g-Phone."

After setting up Healthpia Kentucky and Genesis Health, Heinrich struck out on his own. Healthpia Kentucky is a Kentucky limited liability company, and Genesis Health is an Illinois limited liability company. Both have their principal places of business in Kentucky.

The Plaintiffs contend that Heinrich is using their trade secrets and other confidential information to compete with them. In Count I, the Plaintiffs assert that all three Defendants are violating Florida's Uniform Trade Secrets Act, Fla. Stat. § 688.001 *et. seq.* Counts II and III are asserted solely against Heinrich (for breach of contract and breach of fiduciary duty, respectively). In Count IV, the Plaintiffs assert a conversion claim against all three Defendants for converting to their own use "the g-Phone design concept, images, trademark, software, and other proprietary technology related to the g-Phone." The Plaintiffs assert that Healthpia Kentucky and Genesis Health are "currently marketing Plaintiffs' trade secrets and proprietary technology" via certain web sites.

## II. Legal Standards

A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction. *Posner v. Essex Ins. Co., Ltd.,* 178 F.3d 1209, 1214 (11th Cir.1999) (*per curiam*); *see Polskie Linie Oceaniczne v. Seasafe Transport A/S*, 795 F.2d 968, 972 (11th Cir.1986) (describing procedure for plaintiff to establish personal jurisdiction under Florida's long-arm statute). Where the defendant challenges jurisdiction by submitting affidavit evidence in support of its position, "the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." *Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002); *Posner*, 178 F.3d at 1214; *see Polskie Linie Oceaniczne*, 795 F.2d at 972 (noting that, if the defendant makes a showing of

the inapplicability of the long-arm statute, "the plaintiff is required to substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and not merely reiterate the factual allegations in the complaint").

A federal court sitting in diversity must undertake a two-step inquiry to determine whether personal jurisdiction exists: it must determine whether the exercise of jurisdiction (1) is appropriate under the state long-arm statute and (2) does not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A.*, 421 F.3d 1162, 1166 (11th Cir.2005); *see also Venetian Salami Co. v. Parthenais*, 554 So.2d 499, 502 (Fla.1989). To determine whether the Due Process Clause permits the exercise of personal jurisdiction over a defendant who satisfies the long-arm statute, the court must consider two things. First, the court must determine whether the defendant has purposefully established such constitutionally significant contact with the state of Florida that he could have reasonably anticipated that he might be sued here in connection with those activities. If the defendant has done so, the court must determine whether the forum's interest in the dispute and the plaintiff's interest in obtaining relief are outweighed by the burden on the defendant of having to defend himself in a Florida court. *Licciardello v. Lovelady*, 544 F.3d 1280, 1284 (11th Cir. 2008).

A federal district court in Florida may exercise personal jurisdiction over a nonresident defendant to the same extent that a Florida court may, so long as the exercise is consistent with federal due process requirements. *Licciardello* at 1283. "The reach of the [Florida long-arm] statute is a question of Florida law. [F]ederal courts are required to construe [such law] as would the Florida Supreme Court. Absent some indication that the Florida Supreme Court would hold

otherwise, [federal courts] are bound to adhere to decisions of [Florida's] intermediate courts."
*United Technologies Corp. v. Mazer,* 556 F.3d 1260, 1274 (11th Cir. 2009).

## III. Analysis

### A. Long-arm jurisdiction

The Plaintiffs argue that Healthpia Kentucky and Genesis Health are subject to the jurisdiction of this Court pursuant to Section 48.193(1)(b) of Florida's long-arm statute, which provides in pertinent part that

> (1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
>
> . . .
>
> (b) Committing a tortious act within this state.

Fla. Stat. § 48.193(1)(b).

The Plaintiffs have not alleged that Healthpia Kentucky or Genesis Health themselves have taken any action, tortious or otherwise, in Florida. They rely instead on their allegations that both of these defendants are operating web sites on which they are "marketing Plaintiffs' trade secrets and proprietary technology" and "using Plaintiffs' proprietary images and proprietary files". (Doc. 1 at 9). To this end, they rely on *Licciardello v. Lovelady*, 544 F.3d 1280, 1283 (11th Cir. 2008). In that case, an artist brought suit in Florida against his former manager, a resident of Tennessee, over the unauthorized use of the artist's trademarked name on a web site promoting the manager's services. *Id.* at 1282-83. The *Licciardello* court concluded that, because the web site with the infringing trademarked material was accessible in Florida, the trademark infringement necessarily

-4-

occurred in Florida, and the manager had therefore "[c]ommitted a tortious act within this state" as required by Section 48.193(1)(b). According to the Plaintiffs, "[h]ere, as in *Licciardello,* Defendants have created, uploaded, and broadcast infringing materials into Florida via their Internet web sites." (Doc. 44 at 4).

This, however, is not a trademark infringement case. Rather, the Plaintiffs have alleged that Healthpia Kentucky and Genesis Health have misappropriated their trade secrets (Count I) and converted their intellectual property (Count IV). The Plaintiffs have not cited, and this Court's research has not uncovered, a case holding that the act of misappropriation or the act of conversion occurs in any state that can access a web site bearing the misappropriated or converted property.

The Plaintiffs argue that the *Licciardello* case also stands for the proposition that Florida Statute § 48.193(1)(b) is satisfied so long as the tortious act causes injury in Florida. The Plaintiffs, all of whom have their principal place of business in this state, contend that the actions of Healthpia Kentucky and Genesis Health are causing them to suffer pecuniary injury in Florida.

It is true that the *Licciardello* court stated that, "although the website was created in Tennessee, the Florida long-arm statute is satisfied if the alleged trademark infringement on the website caused injury in Florida." *Licciardello* at 1283. However, this statement is dicta. The *Licciardello* court went on to say that "[w]e need not decide whether trademark injury necessarily occurs where the owner of the mark resides, as the Florida district courts have held, because in this case the alleged infringement clearly also occurred in Florida by virtue of the website's accessibility in Florida." *Id.* Thus the personal jurisdiction issue was decided on other grounds.

However, the United States Court of Appeals for the Eleventh Circuit has made similar statements in a number of cases. In *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1216 (11th Cir.

1999), the court acknowledged a split of authority among the Florida appellate courts as to whether the "tortious act within this state" requirement of Fla. Stat. § 48.193(1)(b) is satisfied whenever a tort outside the state causes injury within it. The *Posner* court noted that its "firmly established precedent" interpreted Section 48.193(1)(b) as being satisfied in such a situation. *Posner* at 1217. The court held that it was bound to follow that precedent until its interpretation was rejected by the Florida Supreme Court. *Id.* To date, the Florida Supreme Court has not done so. Therefore, this Court is similarly bound to conclude that the allegedly tortious actions of Healthpia Kentucky and Genesis Health, which are alleged to have caused the plaintiffs to suffer pecuniary injury in Florida, subject those entities to the jurisdiction of this Court under Section 48.193(1)(b).

**B.     Minimum contacts**

The Eleventh Circuit has adopted a three-part test to determine whether a non-resident defendant possesses sufficient minimum contacts with a forum state so as to justify the exercise of personal jurisdiction. The court must determine (1) whether the defendant purposefully availed itself of the forum state; (2) whether the cause of action arises out of the activities of which the defendant purposefully availed itself; and (3) whether the defendant's contacts with the forum are such that the defendant should reasonably anticipate being haled into court there. *Future Technology Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1250-51 (11th Cir. 2000). Here these defendants argue that they never purposefully availed themselves of Florida, and the cause of action does not arise out of any activities they conducted in Florida, and therefore they could not have reasonably anticipated being haled into court in this state.

The Plaintiffs contend that Healthpia Kentucky and Genesis Health "availed themselves of Florida law by misappropriating their trade secrets to produce and then market a product in Florida

to compete directly with the Plaintiffs within Florida's borders to the detriment of Plaintiffs." (Doc. 44 at 7). This argument is not compelling. The "marketing" described by the Plaintiffs involves nothing more than setting up web sites making use of the alleged trade secrets or selling the allegedly converted material. Although the web sites were accessible to anyone in the state, there is no evidence or even an allegation that the web sites were targeted to Florida. The alleged misappropriation and conversion both occurred outside of the state. The fact that a Florida resident could access the fruits of those alleged acts via the internet does not constitute "purposeful availment" of the benefits of Florida and its laws. Moreover, despite Plaintiffs' argument to the contrary, the fact that the Defendants describe themselves as being engaged in "national sales of diabetic supplies" falls far short of an admission that they are doing business in Florida. (Doc. 44 at 5-6).

The Plaintiffs also assert that, in *Licciardello* and other cases, the Eleventh Circuit has held that allegations that the defendant committed intentional torts may support the exercise of personal jurisdiction, even where the defendant has no other contacts with the forum. (Doc. 44 at 7). However, *Licciardello* and other cases espousing this principle require that the intentional tort be "expressly aimed at the plaintiff in the forum state." *See Licciardello* at 1288. This principle has been held to establish sufficient minimum contacts in cases alleging trademark infringement, such as *Licciardello*, and libel, such as *Calder v. Jones*, 465 U.S. 783 (1984). But misuse of a trademarked name and libel target a plaintiff in a way that the torts alleged here do not.[1] The

---

[1] *See also Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1321-22 (9th Cir. 1998) (noting that mere posting of infringing trademark on a website, without more, might not be sufficient to demonstrate that defendant purposefully aimed his activity toward the forum state). *Toeppen* was quoted approvingly by the *Licciardello* court. *See Licciardello* at 1286-87.

misappropriation and conversion at issue here consist of allegations that these defendants wrongfully used or exercised dominion over the plaintiffs' intellectual property and trade secrets, rather than an attack on the Plaintiffs directly. The Plaintiffs claim to have suffered lost sales, not harm to their reputation. Because the torts alleged to have been committed by Healthpia Kentucky and Genesis Health were not "expressly aimed at" the plaintiffs the way that the torts in *Licciardello* and *Calder* were, the minimum contacts requirement has not been met.[2]

## IV. Conclusion

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 24) filed by Defendants Healthpia USA, LLC and Genesis Health Technologies, LLC is **GRANTED**, and the claims against those Defendants are **DISMISSED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on February 11, 2010.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[2] Because that requirement has not been met, the Court need not consider whether the forum's interest in the dispute and the plaintiff's interest in obtaining relief are outweighed by the burden on the defendant of having to defend himself in a Florida court.