**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

HME PROVIDERS, INC., HMD
BIOMEDICAL LLC, INFOPIA AMERICA,
LLC and HEALTHPIA USA, LLC,

    **Plaintiffs,**

-vs-                Case No. 6:09-cv-2186-Orl-31GJK

TODD HEINRICH,

    **Defendant.**

_____

# ORDER

  This matter comes before the Court on the Motion to Dismiss for Improper Venue and Alternative Motion to Transfer Venue (Doc. 29) filed by the Defendant, Todd Heinrich, and the response (Doc. 45) filed by the Plaintiffs.[1] Heinrich joined a similar motion (Doc. 25) filed by two former defendants – Healthpia USA, LLC ("Healthpia Kentucky") and Genesis Health Technologies, LLC ("Genesis Health")[2] and adopted their arguments in favor of dismissal or transfer.

---

[1] Heinrich also filed a document styled an "Amended Motion to Dismiss for Improper Venue and Alternative Motion to Transfer Venue" (Doc. 41), in which he addressed the impact, on his venue arguments, of a forum-selection and venue provision in his employment agreement. Because the document only addressed this point, the Court construes it as a supplement to Heinrich's original motion rather than a separate, amended motion.

[2] Healthpia Kentucky and Genesis Health were dismissed from this case on February 11, 2010 due to a lack of *in personam* jurisdiction over them. (Doc. 60).

## I. Background

This is a diversity case. According to the allegations of the Complaint (Doc. 1), the Plaintiffs sell medical testing and monitoring supplies and equipment. Heinrich used to work for one or more of the Plaintiffs. He was hired to help with the development and marketing of a new product: a cellular phone-based diabetes testing device and associated software that would transmit test results via the phone to doctors and other interested parties. The Plaintiffs refer to this product as the "GlucoPhone" or "g-Phone." After setting up Healthpia Kentucky and Genesis Health, Heinrich struck out on his own.

The Plaintiffs filed the instant suit on December 30, 2009, contending that Heinrich was using their trade secrets and other confidential information to compete with them. In Count I, the Plaintiffs asserted that all three Defendants were violating Florida's Uniform Trade Secrets Act, Fla. Stat. § 688.001 *et. seq.* Counts II and III were asserted solely against Heinrich – for breach of contract and breach of fiduciary duty, respectively. In Count IV, the Plaintiffs asserted a conversion claim against all three Defendants for converting to their own use "the g-Phone design concept, images, trademark, software, and other proprietary technology related to the g-Phone." (Doc. 1 at 15).

## II. Legal Standard

The Federal venue statute, 28 U.S.C. § 1391, provides in pertinent part that a case founded on diversity of citizenship may be brought in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant

is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). On a Rule 12(b)(3) motion to dismiss for improper venue, the plaintiff bears the burden of showing that venue in its chosen forum is proper. *Wai v. Rainbow Holdings*, 315 F.Supp.2d 1261, 1268 (S.D.Fla. 2004). In resolving such a motion, the Court may consider matters outside the pleadings, such as affidavits. *Id.* To the extent that the facts alleged in the complaint are uncontroverted by affidavits from the defendant, they are accepted as true for purposes of resolving the venue issue. *Id.*

### III. Analysis

None of the Defendants reside in Florida, and therefore 28 U.S.C. § 1391(a)(1) cannot be used to establish that venue is proper in this district. Plaintiffs attempt to rely on 28 U.S.C. § 1391(a)(2). At the outset of this case, the Plaintiffs asserted that venue was proper because "the events giving rise to the claims asserted in this Complaint occurred in this judicial district." (Doc. 1 at 3). After making this statement in the Complaint, the Plaintiffs did not explicitly support it by, for example, listing those events or explaining how any particular event gave rise to the claims asserted. In their response to the instant motion, the Plaintiffs asserted that "a substantial part of the events or omissions giving rise to the claim" occurred here. (Doc. 45 at 3).[3] As was the case with the Complaint, the Plaintiffs offer no support in their response for this position. Instead, they simply claim that the facts set forth in the Complaint and in their response to the (ultimately

---

[3] The Plaintiffs also asserted, in the alternative, that a "substantial part of the property that is the subject of the action is situated" here. (Doc. 45 at 3). The Plaintiffs offered no argument in support of this assertion, which so far as the Court can discern, is simply incompatible with the particular claims asserted here.

successful) motion to dismiss for lack of personal jurisdiction filed by Healthpia Kentucky and Genesis Health show that venue is proper in this district. (Doc. 45 at 3).

To determine whether venue is proper under Section 1391(a)(2), "only the events that give rise to a claim are relevant," and of the places where the events have taken place, only those locations hosting a substantial part of the events will be considered. *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371 (11th Cir. 2003). After reviewing the Complaint and the Plaintiffs' response to the personal jurisdiction motion (without benefit of guidance from the Plaintiffs), the Court cannot find any events or omissions giving rise to these claims that occurred in this district.

In Count I, the Plaintiffs accuse Heinrich of misappropriating (and subsequently misusing) their trade secrets and proprietary information in violation of Florida's Uniform Trade Secrets Act. The downloading, Heinrich asserts in an affidavit, occurred at an office in Kentucky and involved servers located in that state and California. (Doc. 31 at 7). The only misuse of this material specified by the Plaintiffs is the inclusion of some of this information on the websites of Healthpia Kentucky and Genesis Health. The Plaintiffs do not allege that those websites were created in this state, or that they are maintained on servers located here. The Plaintiffs assert that the websites are available to computer users in this state, but mere availability does not constitute an event or omission giving rise, even in part, to any of the claims asserted.

Both Count II, for breach of contract, and Count III, for breach of fiduciary duty, are premised in part on the same alleged misappropriation and misuse described in the preceding paragraph. These alleged events fail to establish venue in regard to counts II and III for the same reason they failed in regard to Count I. Count II is also premised on allegations that Heinrich has violated a non-compete clause in his employment contract. (Doc. 1 at 12). However, Heinrich

attests that he is a Kentucky resident and has been throughout the events at issue in this case, and there is no allegation that Heinrich has taken any material action (or failed to do so) in Florida. Count III is also based on an allegation that Heinrich formed Healthpia Kentucky and Genesis Health while serving as a director of HME. (Doc. 1 at 13). There is no allegation that he did so while in Florida, and both Healthpia Kentucky and Genesis Health are foreign corporations. Finally, Count IV, a conversion claim, is based on essentially the same alleged downloading and subsequent misuse of Plaintiffs' intellectual property – specifically, the g-Phone design concept – that underlies Count I. Again, no event or omission relevant to Count IV is alleged to have occurred in Florida.

The closest the Plaintiffs come to satisfying Section 1391(a)(2) is when they contend that Heinrich's actions caused them to suffer economic harm in this state. (Doc. 44 at 5). But a proper Section 1391(a)(2) analysis focuses on the activities of the defendant, not the plaintiff. *Jenkins Brick*, 321 F.3d at 1371-72. If economic harm to the plaintiff were enough to satisfy Section 1391(a)(2), a plaintiff could always bring suit in its home base, thus eviscerating the other parts of Section 1392(a).[4] *Financial Management Services, Inc. v. Coburn Supply Co., Inc.*, 2003 WL 255232 *3 (N.D.Ill. 2003). *See also Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995) (rejecting argument that location of plaintiff's economic harm satisfied Section 1392(a)(2), even though such harm was necessary part of claim, and stating that "if Congress had wanted to lay venue where the plaintiff was residing when he was injured, it could have said so expressly.").

---

[4] For example, Section 1392(a)(3) only applies where neither Section 1392(a)(1) nor Section 1392(a)(2) can be satisfied. *Algodonera de las Cabezas, S.A. v. Am. Suisse Cap., Inc.*, 432 F.3d 1343, 1345 (11th Cir. 2005). If Section 1392(a)(2) were satisfied every time a plaintiff suffered harm in its home district, Section 1392(a)(3) would rarely, if ever, come into play.

**IV. Conclusion**

The Plaintiffs have failed to bear their burden of showing that venue is proper in this district. Accordingly, it is hereby

**ORDERED** that the Motion to Dismiss for Improper Venue and Alternative Motion to Transfer Venue (Doc. 29) filed by the Defendant, Todd Heinrich, is **GRANTED IN PART AND DENIED IN PART**. The motion to dismiss is **GRANTED,** and this case is **DISMISSED** for improper venue. In all other respects, the motion is **DENIED AS MOOT**. The Clerk is directed to close the case.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on February 18, 2010.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party