# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

HME PROVIDERS, INC., HMD
BIOMEDICAL LLC, INFOPIA AMERICA,
LLC and HEALTHPIA USA, LLC,

                **Plaintiffs,**

-vs-                                                   Case No. 6:09-cv-2186-Orl-31GJK

TODD HEINRICH, HEALTHPIA USA,
LLC (KY) and GENESIS HEALTH
TECHNOLOGIES LLC,

                **Defendants.**

_____

# ORDER

This matter comes before the Court on the Motion for Attorneys' Fees (Doc. 63) filed by Defendant Todd Heinrich ("Heinrich") and the response (Doc. 65) filed by the Plaintiffs.

## I.    Background

The Plaintiffs filed suit against Heinrich and two related entities on December 30, 2009. (Doc. 1). Heinrich had previously worked for at least one of the Plaintiffs. Simultaneously with the filing of the suit, the Plaintiffs filed a motion for preliminary injunctive relief (Doc. 2), seeking to enjoin alleged violations by Heinrich of an employment agreement and to stop him from (allegedly) revealing trade secrets. On February 11, 2010, the Court denied the motion for preliminary injunctive relief. (Doc. 58). The same day, the Court dismissed the claims against the other two defendants for lack of personal jurisdiction. (Doc. 60). Subsequently, the Court

granted Heinrich's motion to dismiss for improper venue and directed the Clerk to close the case. (Doc. 62).

The employment agreement that the Plaintiffs accused Heinrich of violating (henceforth, the "Agreement") (Doc. 63-1) had non-compete and non-disclosure provisions. It also provided that "[i]n the event of a dispute between the Parties with respect to this Agreement, the prevailing Party shall be entitled to recover the prevailing Party's reasonable attorneys' fees and costs." (Doc. 63-1 at 4).

**II.  Analysis**

Heinrich seeks to recover his attorneys' fees, both under the fee provision of the Agreement and under Section 542.335(1)(k), Florida Statutes. The latter permits a court, "[i]n the absence of a contractual provision authorizing" such an award, to award fees "to the prevailing party in any action seeking enforcement of, or challenging the enforceability of, a restrictive covenant." Fla. Stat. § 542.335(1)(k). However, as the Agreement clearly contains a provision authorizing an award of attorneys' fees to the prevailing party, the statute cannot apply here.

The Plaintiffs raise numerous issues in response to the motion , but the primary one is whether Heinrich should be considered a "prevailing party" and therefore be entitled to recover his fees at this stage of the proceedings. Under Florida law, an award of prevailing party attorney fees must be based upon a final determination of the merits of the case. *Nine Island Ave. Condominium Ass'n, Inc. v. Siegel*, 23 So. 3d 1248, 1251 (Fla. 3d DCA 2009) (citing *Steinhardt v. Eastern Shores White House Ass'n, Inc.*, 413 So. 2d 785, 786 (Fla. 3d DCA 1982)). "Therefore, even though a party is successful on an intermediate or interlocutory claim, that party is not entitled to prevailing party fees if the ultimate result is in favor of the other party." *Id.* (citing *Kirou v. Oceanside Plaza Condo. Ass'n, Inc.*, 425 So. 2d 650 (Fla. 3d DCA 1983)). In the instant case,

there is nothing in the record to suggest that the Plaintiffs are precluded from refiling this suit in a proper forum to pursue an ultimate result in their favor.

Heinrich cites to *Bank of New York v. Williams*, 979 So. 2d 347 (Fla. 1st DCA 2008), for the proposition that the chance that a case may be refiled does not prevent one side from claiming "prevailing party" status. However, *Bank of New York* involved an earlier case that had been dismissed *with prejudice*.[1] *Id.* at 347. The dismissal here was explicitly without prejudice. Moreover, both Fla.R.Civ.P. 1.420(b) and Fed.R.Civ.P. 41(b) provide that an involuntary dismissal for improper venue does *not* operate as an adjudication on the merits, unless the order specifies otherwise. At this point, it appears that the Plaintiffs can resurrect this action by refiling in a proper forum, and therefore Heinrich cannot show that he is the prevailing party so as to recover his fees.

**III. Conclusion**

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion for Attorneys' Fees (Doc. 63) is **DENIED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 26, 2010.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

---

[1] More particularly, after the bank failed to establish standing, the court dismissed its amended complaint, and then, when the bank declined to file a second amended complaint, the court dismissed the amended complaint with prejudice. *Id.* Rather than appeal, the bank filed a new action. *Id.*